453 A.2d 17

**Dorothy Urban KOBA, Appellant,**

v.

**Walter KOBA.**

Superior Court of Pennsylvania.

Submitted Nov. 9, 1981.

Filed Nov. 30, 1982.

James R. Cascio, Somerset, for appellant.

Robert M. Keim, Somerset, for appellee.

Before ROWLEY, JOHNSON and POPOVICH, JJ.

PER CURIAM:

This is an appeal from an order of the Court of Common Pleas of Somerset County dismissing Dorothy Urban Koba's exceptions to the findings of a master appointed to oversee

the partition of property formerly held by appellant and appellee, her ex-husband, as tenants-by-the-entireties. The property was converted from a tenancy-by-the-entireties to a tenancy-in-common upon the divorce of the parties in 1978 by virtue of the Act of May 10, 1927, P.L. 884 § 1, as amended May 17, 1949, P.L. 1394 § 1, 68 P.S. § 501.

Appellant argues that the master erred in finding that no grounds existed to impose a constructive trust on certain property which was separately owned by her ex-husband. It was appellant's contention that such a trust was merited as a credit for appellant's contribution of her total earned income to the support of the family and appellee during the years of the parties' co-habitation. Because appellant's appeal is interlocutory in nature, we do not reach the merits of her argument.

Our determination that appellant's appeal is interlocutory is dictated by this Court's holding in *Recktenwald v. Recktenwald,* 284 Pa.Super. 185, 425 A.2d 765 (1981). In *Recktenwald* the ex-husband appealed the dismissal of his exceptions to a report filed by the master appointed to oversee the partition of the property held by him and his ex-wife. In language which is applicable to the case at hand, this Court in *Recktenwald* stated:

> The chancellor's order neither puts appellant out of court, nor does it finally decide the issue. The order must therefore be interlocutory in nature. *Piltzer v. Independence Fed. Sav. & Loan Ass'n,* 456 Pa. 402, 319 A.2d 677 (1973). It is axiomatic that an appeal will be only from a final order unless the Legislature otherwise provides. *Caplan v. Keystone Weaving Mill,* 431 Pa. 407, 246 A.2d 384 (1968). Appellant asserts no appeal as of right, Pa.R.A.P. 311, nor has he met any of the requirements for the permissible appeal of an interlocutory order, Pa.R.A.P. 312 and Pa.R.A.P. 1301 *et seq.* Id., 284 Pa.Superior Ct. at 192, 425 A.2d at 768.

Appeal quashed.