### Christner *v.* Christner, Appellant.

Argued September 27, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*Leland W. Walker,* for appellant.

*Archibald M. Matthews,* for appellee.

OPINION BY MR. JUSTICE JONES, November 13, 1950:

Section 1 of the Act of May 13, 1925, P.L. 649, provided "That whenever any husband and wife *now or* hereafter holding property as tenants by entireties have been divorced either of such tenants by entireties may bring suit in the court of common pleas sitting in equity of the county where the property is situate against the other to have the property sold and the proceeds divided between them" (Italics supplied). The foregoing provision, with the words " now or" eliminated therefrom, was re-enacted by the Act of May 10, 1927, P.L. 884 (68 PS §501), which at the same

time repealed the Act of 1925 but included a clause specifically "saving proceedings instituted under [the] provisions" of the 1925 Act.

The parties to the instant suit, a wife and her husband, acquired real estate as tenants by the entireties in *1926* and were divorced in *1949*. Thereafter, the wife instituted this proceeding against her former husband under the above-recited statutory authority to obtain partition of the real estate so held by them jointly. The defendant-husband filed preliminary objections to the complaint on the ground that the court was without jurisdiction of the matter for the assigned reason that the property had been acquired by the parties prior to the enactment of the Act of *1927* and that the Act of 1925, having been repealed by the Act of 1927, was no longer of any force or effect. The learned judge of the court below entered an order overruling the preliminary objections with leave to the defendant to answer over. From that interlocutory order, the defendant appealed. Inasmuch as the material facts were undisputed and the question involved is purely one of law, we agreed to hear argument on the appeal as if it were from a final decree in partition in favor of the plaintiff on the pleadings, provided that the defendant assented in writing to the entry of such a decree. The defendant has so stipulated of record and a decree will accordingly be entered *nunc pro tunc* in the court below. We pass then to a consideration of the case on the merits.

The question here involved is whether real estate acquired by a husband and wife as tenants by the entireties subsequently to the Act of 1925, but prior to the Act of 1927, can be partitioned where the divorce of the parties occurred after the effective date of the Act of 1927. The answer to that question must be in the affirmative. The Act of 1927 was a substantial reenactment of the prospective scope of the Act of 1925.

Accordingly, the substantive law of the earlier statute, thus carried forward, has been continuously in force since the date of its original passage. In *Haspel v. O'Brien,* 218 Pa. 146, 149, 67 A. 123, Mr. Chief Justice MITCHELL, speaking for this court, quoted and applied the pertinent general rule of construction that "Where a statute is repealed and its provisions are at the same time re-enacted by the repealing act, the effect according to the great weight of authority, is that the earlier statute is not in fact repealed, but its provisions continue in active operation, so that all the rights and liabilities incurred thereunder are preserved and may be enforced." The rule as adopted in *Haspel v. O'Brien,* supra, has since been reiterated and followed by this court (see, e.g., *Erie v. Piece of Land,* 339 Pa. 321, 324-325, 14 A. 2d 428; and *Bell v. Abraham,* 343 Pa. 169, 173, 22 A. 2d 753) and was incorporated in substance in the Statutory Construction Act of 1937, as Section 82, the draftsman expressly acknowledging *Haspel v. O'Brien* as one of the sources of authority: see 46 PS §582 and note thereto.

The learned jurist further observed in *Haspel v. O'Brien,* supra, that the stated rule of construction is particularly sound and applicable in the interpretation of an Act which is a revision of a prior statute or statutes for purposes of clarity, certainty or convenience. In the present instance, the equally material motive for the re-enactment was a legislative desire for constitutional conformity. Between the passage of the Act of 1925 and the re-enactment of 1927, two common pleas courts of the Commonwealth had held, in well-reasoned opinions,[1] that the retroactive feature of the Act of 1925 was unconstitutional and, therefore, incapable of divesting the common law incidents of ten-

---

[1] See *Ebersole v. Goodman,* 7 D. & C. Rpts. 605 (Dec. 24, 1925); and *Clements v. Kandler,* 9 D. & C. Rpts. 310 (Feb. 7, 1927).

ancies by the entireties created prior to the Act of 1925. These rulings were manifestly correct: see *Alles v. Lyon,* 216 Pa. 604, 608, 66 A. 81 (1907). It was also Mr. Chief Justice MITCHELL who, having noted in the *Alles* case that a right of survivorship was an incident of an estate by the entireties, said that such an "estate could not be divested, or stripped of any of its incidents except by express statutory provision *existing at the time of its inception*" (Emphasis supplied).

The purpose of the re-enactment of 1927 was obviously to remove the retrospective portion of the Act of 1925, which was constitutionally invalid, and, thence, to carry forward the substantive law of the earlier statute in its prospective aspect. In addition to the intendment of the Act of 1927 which the applicable rule of construction rightly impels, the saving clause in the express repeal paragraph of the Act of 1927 plainly evidences a legislative intent that rights and liabilities which had validly attached under the Act of 1925 should remain undisturbed. The scope of the saving clause cannot properly be limited merely to proceedings under the Act of 1925 *which were actually pending* at the time of the 1927 re-enactment. Any such interpolated qualification and consequent narrow construction would unreasonably and capriciously discriminate among estates by the entireties, created subsequently to the Act of 1925 but before the Act of 1927, depending upon when the divorce of the parties occurred in relation thereto and the ensuing partition proceeding was instituted.

The question here involved has been before three common pleas courts on facts germanely similar to those of the instant case.[2] The decisions in those cases

---

[2] *Schmidt v. Schmidt,* 92 P.L.J. 448 (1942); *Cooper, Guardian v. Niemeyer,* 50 D. & C. 634 (1944); and *Kern v. Kern,* 52 D. & C. 417 (1944).

were harmonious in holding that the Act of 1925 was a valid enactment as to real estate acquired by a husband and wife as tenants by the entireties after the effective date of that Act and is still in force as to real estate, so acquired, before the Act of 1927. In well-considered opinions, those courts carefully and correctly distinguished the case of *Mertz v. Mertz,* 139 Pa. Superior Ct. 299, 11 A. 2d 514, upon which the present appellant so largely relies. In the *Mertz* case, the estate by entireties, whereof partition was sought in 1937 following an absolute divorce in 1932, had been created in *1921* when the husband and wife jointly took title to the real estate in controversy. Manifestly, that case is not presently in point.

Decree to be entered by the court below *nunc pro tunc* affirmed at appellant's costs.