## Barlet v. Barlet

*Greevy & Knittle*, for plaintiff.

*Frederick Y. Dietrick*, for defendant.

WILLIAMS, P. J., July 24, 1953.—This is a petition in equity seeking the partition and division of the net proceeds of the sale of real estate which was formerly held in entireties by plaintiff and defendant.

*Findings of Fact*

The chancellor makes the following findings of fact:

1. Plaintiff and defendant, while man and wife, were deeded as tenants by entireties a property located at No. 725 Sheridan Street, Williamsport, Pa.

2. On November 14, 1950, plaintiff and defendant were divorced.

3. Subsequent to the divorce the Sheridan Street property was sold and the net proceeds of the sale, in amount of $949.60, were placed with Frederick Y. Dietrick, Esq., and Lester L. Greevy, Esq., as trustees for the sellers.

## Discussion

The Act of May 10, 1927, P. L. 884, sec. 1, 68 PS §501, provides that whenever any husband and wife acquire property as tenants by entireties and then become divorced, either of such tenants by entireties are authorized to bring suit in equity to have the property sold and the proceeds divided between them.

In the instant case the parties acquired a property as tenants by entireties, were divorced, and then amicably agreed to sell the property. After they had agreed to sell the property and their attorneys received the money from this sale, the net proceeds of the sale were left in the hands of the attorneys. They cannot now agree as to a division.

Defendant does not appear to have filed an answer. Despite this, a hearing was arranged and was held by the chancellor, there appearing to be no defense except allegations that plaintiff agreed to pay one half of defendant's father's funeral expenses.

The Act of May 10, 1927, P. L. 884, supra, sec. 3, is to the effect that the interest of each of the tenants "shall be conclusively deemed to be one-half of the value of the property". It has been held that the word "conclusively" must be understood as requiring an irrefutable inference of equality of common ownership, both legal and equitable: Inman v. Wasler, 58 D. & C. 168. In Heffelfinger v. Heffelfinger, 43 Dauph.

230, it was pointed out that the word "conclusively" closes the door to controversy, shutting out all issues of fact tendered to defeat the right to have the estate liquidated and the proceeds divided. We therefore must conclude that the disputed contention of defendant as to any agreement as to funeral expenses is not a proper defense in the present action.

We are also of the opinion that the Act of 1927, supra, rules the present question even though there has been an amendment in the Act of May 17, 1949, P. L. 1394, which amendment may have the effect of a repeal of the 1927 Act. A repealing act must not impair the obligation of contract: Lawrence County, Appel., v. City of Newcastle, 18 Pa. Superior Ct. 313; Christner v. Christner, 366 Pa. 41.

The net proceeds of the sale should therefore be divided equally between plaintiff and defendant.

### Conclusions of Law

The chancellor makes the following conclusions of law:

1. The Act of May 10, 1927, P. L. 884, is controlling in this case.

2. Under the Act of 1927, supra, which provides a way to divide proceeds of a sale of tenancy by entireties after divorce, the interest of each of the respective tenants by entireties shall be conclusively deemed to be one half of the value of the property and collateral matters not pertaining to the sale of the property are not to be considered in the division of the proceeds of the sale.

3. A consent sale of the tenancy by entireties after divorce and a disagreement as to the division of the proceeds is a proper subject matter for the application of the Act of 1927, supra.

### Decree of Chancellor

It is ordered and decreed that the sum of $949.60, held by Frederick Y. Dietrick, Esq., and Lester L.

Greevy, Esq., as trustees for plaintiff and defendant, be divided equally between plaintiff and defendant; costs on defendant.