448 A.2d 583

**Harold V. LOHMILLER, Jr.**

v.

**Joan F. Lohmiller WEIDENBAUGH, Appellant.**

Superior Court of Pennsylvania.

Argued April 6, 1981.

Filed July 16, 1982.

Petition for Allowance of Appeal Granted Nov. 1, 1982.

176

Arthur L. Jenkins, Jr., Norristown, for appellant.

Steven J. Proctor, Pottstown, for appellee.

Before SPAETH, CAVANAUGH and VAN der VOORT, JJ.

VAN der VOORT, Judge:

This is an appeal from an order directing that a 40% undivided interest in real property be partitioned. A multitude of pleadings have been filed and argued. We need only highlight a selected number of such filings and orders resulting therefrom.

The parties were married in August 1960. From December 1971 through January of 1975, Hazel Lohmiller, appellee's mother proceeded to transfer to the parties, as entireties property, a total, undivided interest of 40% in her farm.[1] In July 1976, the parties were divorced. On June 23, 1977, Mr. Lohmiller filed a complaint seeking a partition of the entireties property. Appellant, now known as Mrs. Weidenbaugh filed various pleadings including: a preliminary ob-

---

1. The transfer was accomplished over a period of four years by five different deeds.

jection raising the non-joinder of an indispensable party; a counterclaim seeking the partition of the whole farm; an action in equity involving the whole parcel; and a motion to consolidate the various actions. All such motions/petitions were refused or denied. On July 31, 1980, the lower court ordered the 40% interest be partitioned and appointed a trustee to arrange a public sale and to distribute the proceeds. Appellant timely filed this appeal.

█ As a preliminary matter, we note that an order directing a partition of real property is interlocutory; however a party may take an appeal as a matter of right from such order. Pennsylvania Rules of Appellate Procedure, Rule 311(a)(6). Appellant raises four issues on this appeal.

I. Is the Act of May 10, 1927, as amended, pertaining to the division of entireties property after divorce, applicable to a partial interest in real estate?

The act in question, 68 P.S. § 501,[2] in pertinent part reads:

"Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit in the Court of Common Pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them."

Appellant contends that the act was to apply only to fee simple interests in real estate and not to an undivided interest of 40%. She goes on to argue that if applied to a partial interest then the statute is unconstitutional as it treats divorced parties differently than other tenants in common.

█ The Act provides that a tenancy by the entireties is converted, upon divorce, into a tenancy in common. Either

2. The act was amended April 28, 1978, P.L. 202, No. 53, § 2(a) [1092], effective June 27, 1980. As the act, as amended, has remained substantially the same hence for purposes of this appeal we need not address the affect of the revision.

party may then seek to partition the property. In this respect, the Act is in "derogation of the common law and must be strictly construed." *Lykiardopoulos v. Lykiardopoulos*, 453 Pa. 290, 294, 309 A.2d 548 (1973); *Barale v. Barale*, 282 Pa.Superior Ct. 213, 422 A.2d 1082 (1980). We must first define "property" within the meaning of the Act. We are assisted by the Supreme Court's decision in *Blumner v. Metropolitan Life Ins. Co.*, 362 Pa. 7, 66 A.2d 245 (1949). There the court held that partition under the Act pertained to all property, whether real, personal or a chose in action. In reaching such conclusion the court held that the appellant's contention, that the Act only applies when the spouses "have taken the entire title" would be adding the word "real" to the word property in the statute. 362 Pa. at 11, 66 A.2d 245. To quote the court: "The thing to be partitioned is the thing acquired by the spouses . . . ." *Id.*

Applying such reasoning to the facts at hand, the thing to be partitioned under the Act was the property acquired, which was a 40% undivided interest in the tract, not the entire tract. In *Blumner*, the parties had acquired an agreement to purchase realty vesting them with the equitable title but not the legal title to the realty. Such interest was held partitionable. Relying on the above reasoning, we hold that an undivided 40% interest is likewise subject to partition. We find support for this proposition from other cases dealing with the Act.

The Act of May 10, 1927 provides a complete procedure to be followed (except for claims preserved under the Divorce Code of 1980) when parties who have been divorced, partition property formerly held as tenants by the entireties. *Lykiardopoulos*, 453 Pa. at 293, 309 A.2d 548. Looking at the Act, it provides only for a husband or wife to bring an action against his or her spouse; and not against third parties. In *Reeping v. Reeping*, 277 Pa.Superior Ct. 269, 419 A.2d 766 (1980), this court in a Per Curiam Opinion (Judge Spaeth filed a Concurring Opinion) found that a third party could not be joined in such action under Rule 1031 Pennsyl-

vania Rules of Civil Procedure.[3] Judge Spaeth, concurring, wrote that whether governed by the Act or as a result of one party's appropriation, a third party could not be a proper party to such partition action. In the context of the present case, we agree.

■ Appellant then contends the Act is unconstitutional since it treats divorce tenants in common differently from other tenants in common.

When the Act was first enacted in 1925, it was applicable to estates by the entireties then existing, including estates formed prior to the enactment. This retrospective portion of the Act was found to be constitutionally invalid. In 1927, the Legislature re-enacted the Act of 1925 omitting such provision. The Act of 1925 was however held to be valid as to real estate acquired after the date of enactment, by husband and wife, as tenants by the entireties. See *Christner v. Christner*, 366 Pa. 41, 76 A.2d 361 (1950). While appellant's "constitutional" attack differs from that in *Christner*, it nonetheless must fail, as it is without a logical and legal foundation.

The Act is, as previously noted, in derogation of the common law, *Lykiardopoulos*. Without the Act, there is no right to partition; upon divorce the parties interests but for the Act would remain unchanged, as tenants by the entireties. *Mertz v. Mertz*, 139 Pa.Superior Ct. 299, 302, 11 A.2d 514 (1939). Nonetheless, appellant argues that the distinction between tenancies in common resulting from divorce and those that are created otherwise is improper.

**3.** Rule 1031. Counterclaim
(a) The defendant may set forth in the answer under the heading "Counterclaim" any cause of action or setoff which he has against the plaintiff at the time of filing the answer (1) which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose, or (2) which arises from contract or is quasi-contractual.
(b) A counterclaim need not diminish or defeat the relief demanded by the plaintiff. It may demand relief exceeding in amount or different in kind from that demanded by the plaintiff. Adopted June 25, 1946, effective Jan. 1, 1947.

The Legislature may accord to persons placed into different classes, different treatment so long as the basis for the different treatment is related to the objective of the statute. Such classification must be reasonable and rest on a distinction having a fair and substantial relationship to the object of the legislation. *Johnson v. Robison*, 415 U.S. 361, 374-75, 94 S.Ct. 1160, 1169, 39 L.Ed.2d 389 (1974). The Act's purpose is to provide for a ready, uncomplicated method for achieving some sense of economic justice upon dissolution of a marriage. We find the Act is a reasonable method for achieving such purpose.

II. Is the remaining co-tenant an indispensable party under the Act of 1927?

■ Appellant argues that in Pennsylvania all co-tenants must be joined as parties to the partition action. She relies on Rule 1553, Pa.R.C.P. which reads:

An action for partition may be brought by any one or more co-tenants. All other co-tenants shall be joined as defendants.

Adopted April 26, 1955, effective Nov. 1, 1955.

However as indicated in a note following the Act of 1927 (68 P.S. § 503), Rule 1553, does not suspend or affect the division of entireties' property after a final decree of divorce. *See* Rule 1591(10) Pa.R.C.P. Therefore, the rules governing the partition of non-entireties real property, Rule 1551 et seq. do not apply to the current case. *See* Goodrich-Amram 2d. § 1551:8.

III. Under the Act of 1927, may a party counterclaim for personal property held by the opposing party?

■ Mrs. Weidenbaugh argues that she should be permitted to counterclaim for personal property retained by the plaintiff. In her counterclaim appellant contends that appellee converted personal property owned solely by her. (Answer to Complaint, § 18)

The Supreme Court in *Shoup v. Shoup*, 469 Pa. 165, 171, 364 A.2d 1319 (1976) held:

Although actions in partition are brought in equity, actions for sale and division of proceeds under the Act of 1927, supra, may not be avoided by such equitable defenses as unclean hands or by restitutory claims arising in connection with the parties' joint ownership of the property. See *Lykiardopoulos v. Lykiardopoulos,* supra; *Hunsberger v. Bender,* 407 Pa. 185, 180 A.2d 4 (1962).

We believe *Shoup,* and the cases on which it relies (in particular *see, Lykiardopoulos,* supra) are controlling here. The Act of 1927 clearly refers to the partition of property held prior to divorce as tenants by the entireties; it is not applicable to individually owned property. Therefore the lower court correctly denied appellant's attempt to raise restitutory claims resulting from individually owned property in a partition action under the Act. *See* also *Olivieri v. Olivieri,* 242 Pa.Superior Ct. 457, 364 A.2d 361 (1976).

IV. Should the instant matter have been consolidated with appellant's subsequent action requesting partition of the entire property?[4]

 Rule 213, Pennsylvania Rules of Civil Procedure provides:

"(a) When actions involving a common question of law or fact are pending before the court, the court on its own motion or on motion of any party may order a joint hearing or trial of any or all of the matters in issue in the actions, may order all of the actions consolidated, and may make such orders concerning proceedings therein as may avoid unnecessary costs or delay."

The decision to consolidate actions rests within the discretion of the trial court. *Balla v. Sladek,* 381 Pa. 85, 112 A.2d 156 (1955); *Hamilton v. Gallo,* 233 Pa.Superior Ct. 476, 334 A.2d 692 (1975). In a proper case the court should consolidate separate actions to avoid multiplicity of trials or hearings and to reduce the expense to the parties. Goodrich-Amram 2d. § 213(a): 10. Considerations of costs and the court's

4. By an order of court, proceedings on Mrs. Weidenbaugh's petition action were deferred until the resolution of Mr. Lohmiller's action.

backlog do not negate the requirement that the several actions contain a "common question of law or fact".

We find no abuse of the court's discretion in refusing to consolidate the actions. In *Peterson v. Pittsburgh Public Parking Auth.*, 383 Pa. 383, 119 A.2d 79 (1956) consolidation was held to be proper where two plaintiffs raised in separate actions a common question of fact and law: did the plaintiffs have private rights or easements in the controverted alleys. The only question requiring separate treatment was the amount of damages. While in *Bredt et al. v. Bredt*, 231 Pa.Superior Ct. 65, 326 A.2d 446 (1974) an action in equity seeking to enforce a support agreement and maintain the status quo was consolidated for a hearing with a motion for enforcement filed in a support action. The actions involved the same parties and common questions of law and fact, i.e., issues concerning their agreement. Similarly in *Raw et al. v. Lehnert et al.*, 238 Pa.Superior Ct. 324, 357 A.2d 574 (1976) consolidation of an equity and an assumpsit action was found to be appropriate. A first action was filed in equity seeking recision of a contract, punitive damages and restitution. The second action in assumpsit was commenced seeking the benefit of the bargain and damages for breach of the same contract.

In the current case consolidation would not have been appropriate. The controlling law and procedure differ. As was noted in *Recktenwald v. Recktenwald*, 284 Pa.Superior Ct. 185, 425 A.2d 765, 767 (1981) the "Rules of Civil Procedure [which control the partition of non-entireties property] directly conflict with the dictates of the Act of 1927 as amended." For example, Rules 1560 and 1561 concern the divisibility and creation of purparts; divisibility is "superfluous" under the Act. *Id.*, 284 Pa.Superior 191, 425 A.2d at 768. Rule 1553, requires all co-tenants be joined, whereas § 501 is limited to the divorced spouses. *See*, discussion of *Reeping v. Reeping*, infra. Rules 1555 and 1556 permit pleadings involving more than one property irrespective of the parties proportionate interest in the properties; the Act of 1927 is clearly limited to property held by the entireties.

One last comparison will be sufficient to demonstrate our point. Section 503 of the Act provides for the equal division of the proceeds of the sale (less costs and any ..recorded liens); Rule 1574 additionally allows attorneys' fees to be taxed against the property or proceeds as the court finds to be equitable.

We find that the two different causes of action would travel sufficiently divergent courses; we can find no abuse of the lower court's discretion in refusing to consolidate.

Order affirmed.