469 A.2d 578

**Harold V. LOHMILLER, Jr., Appellee,**

v.

**Joan F. Lohmiller WEIDENBAUGH, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 25, 1983.

Decided Dec. 30, 1983.

330

Arthur L. Jenkins, Jr., Norristown, for appellant.

Steven J. Proctor, Pottstown, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHER-TY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

Appellant, Joan Lohmiller Weidenbaugh, and appellee, Harold V. Lohmiller, were married on August 20, 1960. During their marriage, appellee's mother, Hazel Lohmiller, transferred to appellant and appellee, as tenants by the entireties, a 40% undivided interest in her 170 acre farm located in Montgomery County, Pennsylvania. Hazel Lohmiller retained a 60% undivided interest in the farm, as a tenant in common with appellant and appellee. On July 9, 1976, appellee and appellant were divorced.

On June 23, 1977, appellee filed the present equity action pursuant to the Act of May 10, 1927, as amended, 68 P.S. § 501 *et seq.*[1] (hereinafter The Act), against appellant, seeking partition of the couples 40% interest in the farm held by the appellant and appellee as tenants by the entireties. In response, appellant sought dismissal of appellee's complaint by filing a preliminary objection that challenged appellee's failure to join co-tenant, Hazel Lohmiller, as an indispens-

---

1. 68 P.S. § 501 (Purdon 1965) provides:

 Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit in the court of common pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them. The summons in such suit shall be served in the same manner and with like effect as in cases of partition at law.

 At the hearing on such suit both husband and wife shall be competent witnesses. The value of the property shall be proven by the testimony of at least two impartial and disinterested witnesses. 68 P.S. § 501 *et seq.* was amended after the commencement of appellee's action. However, the amendment made no changes pertinent to this case.

ible party. On November 23, 1977, the lower court dismissed appellant's preliminary objection. On July 31, 1980, the lower court ordered only appellee's and appellant's 40% interest in the farm partitioned and appointed a trustee to arrange a public sale and distribute the proceeds. Appellant appealed and the Superior Court affirmed. *Lohmiller v. Weidenbaugh,* 302 Pa.Super. 174, 448 A.2d 583, (1982). On November 1, 1982, this Court granted allocatur.

In affirming the lower court's dismissal of appellant's preliminary objection raising the non-joinder of Hazel Lohmiller, the Superior Court stated:

The Act of May 10, 1927 provides a complete procedure to be followed (except for claims preserved under the Divorce Code of 1980) when parties who have been divorced, partition property formerly held as tenants by the entireties. *Lykiardopoulos* [*v. Lykiardopoulos*], 453 Pa. [290] at 293 [309 A.2d 548 (1973)]. Looking at the Act, it provides only for a husband or wife to bring an action against his or her spouse; and not against third parties....

Appellant argues that in Pennsylvania all co-tenants must be joined as parties to the partition action. She relies on Rule 1553, Pa.R.C.P. which reads:

An action for partition may be brought by any one or more co-tenants. All other co-tenants shall be joined as defendants.

Adopted April 26, 1955, effective Nov. 1, 1955.

However as indicated in a note following the Act of 1927 (68 P.S. § 503), Rule 1553, does not suspend or affect the division of entireties' property after a final decree of divorce. *See* Rule 1591 (10) Pa.R.C.P. Therefore, the rules governing the partition of non-entireties real property, Rule 1551, et seq. do not apply to the current case. *See* Goodrich-Amram 2d. § 1551:8.

 While the Act provides a complete remedy for the partition of property formerly held by the entireties, it is

neither the sole nor exclusive remedy.[2] Equitable partition pursuant to Pa.R.Civ.P. 1551–1574 is another means for the partition of property formerly held by the entireties.[3] The Superior Court's holding that Pa.R.Civ.P. 1551–1574 are inapplicable to the present case disregards established principles of statutory [4] construction. Since the Act and Pa.R. Civ.P. 1551–74 relate to the same subject matter, the partition of property, the two provisions must be read in pari materia so that effect can be given to both. Pa.Stat.Ann. tit. 1, § 1932 (Purdon Supp.1983); *Girard School District v. Pittenger*, 481 Pa. 91, 392 A.2d 261 (1978).

When the Act and Pa.R.Civ.P. 1551–1574 are construed together, it is apparent that while a former husband may initiate an action for the partition of property formerly held by the entireties pursuant to the Act, all other co-tenants must be joined as defendants pursuant to Pa.R.Civ.P. 1553. This construction presents no conflict between the provisions and gives them both effect. Furthermore, it is obvious that appellant's interest in the farm would be worth far less if only 40% of a co-tenant's interest in the farm is sold, rather than the entire farm. Who would bid a fair market price to be a minority co-tenant with a stranger majority co-tenant? Moreover any successful bidder could petition the court to partition the whole property and thus accomplish that which appellee has sought to avoid. The law should never provide such a tortured route to the inevitable. It is this very result that Pa.R.Civ.P. 1553

**2.** The Act does not expressly state that it provides the sole and exclusive remedy for partition of property formerly held by the entireties.

**3.** Upon divorce, property held by tenants by the entireties is converted to property held by tenants in common by operation of the Act. *Lykiardopoulos v. Lykiardopoulos,* 453 Pa. 290, 309 A.2d 548 (1973). Any co-tenant may bring an action pursuant to Pa.R.Civ.P. 1551–1574. Pa.R.Civ.P. 1553.

**4.** Rules of Civil Procedure promulgated by this court have same force and effect as statutes passed by the legislature. *Dombroski v. City of Philadelphia,* 431 Pa. 199, 245 A.2d 238 (1968).

prevents. The lower court erred in dismissing appellant's preliminary objection.

Accordingly, the order of the Superior Court affirming the lower court's dismissal of appellant's preliminary objection is reversed, and appellee's complaint is dismissed without prejudice to the right of appellee to institute a new action wherein all necessary and indispensible parties are made parties to the action.

ZAPPALA, J., filed a dissenting opinion, joined by ROBERTS, C.J.

ZAPPALA, Justice, dissenting.

I dissent from the majority's finding that Hazel Lohmiller must be joined in the partition action.

A tenancy by the entireties is a form of co-ownership that exists only between husband and wife and is presumed to exist whenever property is held in their joint names. It is characterized by the four unities of interest, title, time, and possession. Each spouse is entitled to enjoyment of the whole and a right of survivorship. Neither has an individual portion that can be alienated, separated, or reached by creditors, *Madden v. Gosztonyi Savings & Trust Co.*, 331 Pa. 476, 200 A. 624 (1938). Parties who are not husband and wife may have a joint tenancy if the four unities exist, *Estate of Kotz*, 486 Pa. 444, 406 A.2d 524 (1979). Joint tenants had a right of survivorship at common law, but such right has been abolished except where it is expressly provided for in the instrument creating the estate, Act of March 31, 1812, P.L. 259, 5 S.M.L. 395, § 1, 68 P.S. § 110, *Zomisky v. Zamiska*, 449 Pa. 239, 296 A.2d 722 (1972). The lack of individually alienable portions is another attribute of a tenancy by the entireties that distinguishes it from a joint tenancy, *Madden*, Supra. Co-owners of property may also hold it by tenancy in common, which requires only a unity of possession and under which there may be unequal interests, there is no right of survivorship, and the individual interests are alienable, *Edel v. Edel*, 283 Pa.*Super.* 551, 424 A.2d 946 (1981).

A husband and wife may own a part interest in an estate as tenants by the entireties and have a tenancy in common with the other co-owners. In *Michael Estate*, 421 Pa. 207, 218 A.2d 338 (1966), a deed to real estate named as grantees two married couples as tenants by the entireties. We held that each couple owned a half interet in the property and a tenancy in common existed between the two couples. In *Edel*, Supra, the first and second grantees each had a one-fifth interest in a parcel of real estate and a husband and wife held the remaining three-fifths interest as tenants by the entireties. A tenancy in common existed between the first and second grantees and the entireties estate. These cases govern the relationship among the co-owners of the property here in question. Prior to the divorce, a tenancy in common existed between Hazel Lohmiller and the entireties estate held by the present appellant and appellee. The divorce created a tenancy in common among the three co-owners.

Tenancy by the entireties is a unique form of co-ownership of property that is available only to a husband and wife. The Act of 1927, quoted in the majority opinion, under which the present action was brought, takes account of that uniqueness by providing a special procedure for the disposal of entireties property after a divorce. The property is disposed of by selling it and dividing the proceeds. In *Recktenwald v. Recktenwald*, 284 Pa.Super. 185, 425 A.2d 765 (1981), the court noted that this differs from the normal procedure for dissolution of a tenancy in common, under which the property may be partitioned if possible, Rules of Civil Procedure 1558, 1560, and 1561. The former spouses have only a monetary as distinct from a proprietary interest, *Lazare v. Lazare*, 365 Pa. 591, 76 A.2d 190 (1950).

In view of the fact that Act of 1927 provides for a distinct procedure for the disposition of property held under a form of tenancy unique to husband and wife, I would find that a proceeding under the act is not a proper vehicle for dealing with any matter other than the sale of the property and the distribution of the proceeds to the former spouses. The joinder of other matters has been disallowed in previous

cases. In *Lykiardopoulos v. Lykiardopoulos,* 453 Pa. 290, 309 A.2d 548 (1973), we held that the claims of the wife for support and credit for money spent to maintain the entireties property could not be joined in a proceeding under the act. In *Reeping v. Reeping,* 277 Pa.*Super.* 269, 419 A.2d 766 (1980), the husband's mother asserted a claim for money spent in payment of the spouses' debts. The court held that no part of the proceeds of the sale could be awarded to anyone other than the former tenants by the entireties. A creditor of one of the spouses has no standing to institute proceedings for the sale of former entireties property, *Eastern Acceptance Corporation v. Gold,* 60 D. & C. 95 (C.P. Montgomery, 1947). A claim involving property other than the former entireties estate may not be raised in a proceeding under the act, *Sandusky v. Sandusky,* 30 Fayette L.S. 75 (1967). In the instant case, I would find that the joinder of Hazel Lohmiller is neither required nor permitted, as it would involve property that was not part of the entireties estate. I agree with the majority that there is a cognizable claim involving Hazel Lohmiller's interest in the farm, but such claim must be brought in an action other than the instant one.

I would affirm the Superior Court.

ROBERTS, C.J., joins in this dissenting opinion.