343 Pa. Superior Ct. 7 (1985)
493 A.2d 775
Frank ROZNOWSKI, Administrator of the Estate of Darren Roznowski, Deceased and Frank Roznowski and Marian Roznowski, Appellants,
v.
PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, a Corporation, Appellee.
Supreme Court of Pennsylvania.
Argued March 6, 1985.
Filed May 31, 1985.
*9 James C. Kuhn, III, Pittsburgh, for appellants.
John C. Carlin, Jr., Pittsburgh, for appellee.
Before BROSKY, WIEAND and LEDERER,[*] JJ.
WIEAND, Judge:
Darren Roznowski was struck by a motor vehicle on December 22, 1976 and received injuries from which he died shortly thereafter. Pennsylvania National Mutual Casualty *10 Insurance Co., which had issued a policy of motor vehicle insurance providing coverage for two automobiles owned by Frank and Marian Roznowski, the parents of Darren, paid medical and funeral expenses on February 18, 1977. On December 20, 1982, almost six years later, the surviving parents commenced an action to recover work loss benefits in the amount of $30,000 and survivor's benefits in the amount of $10,000 on account of their son's death. They also sought an additional $1,500 for medical and funeral expenses. The insurer filed an answer in which it alleged (1) that the policy did not permit stacking of coverages provided for the two vehicles insured, and (2) via new matter, that the action was barred by the statute of limitations contained in the Pennsylvania No-fault Motor Vehicle Insurance Act[1] at Section 106, 40 P.S. § 1009.106. After the insurer had filed a motion for judgment on the pleadings, the Roznowskis filed a reply to new matter, generally denying the insurer's averments that the statute of limitations barred their action and that stacking of coverages was prohibited. Following argument the trial court entered judgment on the pleadings in favor of the insurance company. The parents appealed.
We may affirm the judgment if it was proper for any reason. See: Koziatek v. Marquett, 335 Pa.Super. 482, 487 n. 2, 484 A.2d 806, 808 n. 2 (1984). The trial court correctly concluded that no-fault benefits could not be stacked. See: Antanovich v. Allstate Insurance Co., 507 Pa. 68, 488 A.2d 571 (1985). This alone, however, was insufficient to bar the present action. The pleadings in this case disclose that the parents have received neither work loss benefits nor survivor's benefits. Their right to recover these benefits is not wholly defeated by the policy provisions which prevent stacking; these policy provisions serve only to limit the amount of benefits recoverable.
*11 It is clear, however, that the parents' claim is time-barred by the statute of limitation contained in Section 106(c) of the No-fault Act. This section provides as follows:
(c) Time limitations on actions to recover benefits. 
(1) If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier. If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant; may be commenced not later than two years after the last payment of benefits.

(2) If no-fault benefits have not been paid to the deceased victim or his survivor or survivors, an action for survivor's benefits may be commenced not later than one year after the death or four years after the accident from which death results, whichever is earlier. If survivor's benefits have been paid to any survivor, an action for further survivor's benefits by either the same or another claimant may be commenced not later than two years after the last payment of benefits. If no-fault benefits have been paid for loss suffered by a victim before his death resulting from the injury, an action for survivor's benefits may be commenced not later than one year after the death or six years after the last payment of benefits, whichever is earlier.

Id., 40 P.S. § 1009.106(c) (emphasis added).
The appellant-parents were paid medical and funeral expenses on February 18, 1977. Payments for medical care do not arise from death; they arise from attempts to save or help the victim. Fusco v. Keystone Insurance Co., 312 Pa.Super. 471, 474, 458 A.2d 1390, 1391 (1983). Therefore, appellants' action for work loss benefits had to be commenced within two years after medical payments had *12 been paid, or by February 18, 1979. See: Holland v. General Accident Fire and Life Assurance Corp., 339 Pa.Super. 443, 489 A.2d 238 (1985). The pleadings in this case disclose affirmatively that appellants' action was not commenced within the time allowed therefor.
An action for survivor's benefits under Section 106(c)(2) had to be commenced "not later than one year after the death or six years after the last payment of benefits, whichever is earlier." 40 P.S. § 1009.106(c)(2) (emphasis added). Appellants' claim for survivor's benefits, therefore, is also time-barred.
Appellants acknowledge the applicability of the statute of limitations and concede that the pleadings disclose an action that is time-barred. They argue that judgment on the pleadings was premature because in a separate action, consolidated for trial with the case sub judice, the pleadings are not yet closed. There is no merit in this argument.
Consolidation of actions for trial is authorized by Pa.R.C.P. 213(a).[2] Whether to consolidate actions for trial is a matter primarily within the discretion of the trial court. Lohmiller v. Weidenbaugh, 302 Pa.Super. 174, 182, 448 A.2d 583, 587 (1982), reversed on other grounds, 503 Pa. 329, 469 A.2d 578 (1983). When separate actions are consolidated for trial, each action retains its separate character. Each has its separate docket entries, and each produces its own verdict and judgment. See: Azinger v. Pennsylvania Railroad Co., 262 Pa. 242, 105 A. 87 (1918). The instant judgment on the pleadings was entered in an action which sought to recover no-fault benefits pursuant to a written policy of insurance. It was from an order holding an action on the policy barred that the present appeal was taken. The separate, but consolidated, action is not before us, and *13 the record thereof has not been forwarded to this Court for review.[3] It is clear, however, that the judgment on the pleadings in this action was not erroneous merely because the trial court failed to consider the state of the record in the separate action. The consolidation of cases for trial does not prevent the entry of a summary judgment in one of them if a summary judgment is otherwise proper.
The order entering judgment on the pleadings is affirmed.
NOTES
[*] The Honorable William J. Lederer, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.
[1] Act of July 19, 1974, P.L. 489, as amended, 40 P.S. § 1009.101 et seq., repealed by the Act of February 12, 1984, P.L. 26, § 8(a) (effective October 1, 1984).
[2] Pa.R.C.P. 213(a) provides as follows:

When actions involving a common question of law or fact are pending before the court, the court on its own motion or on motion of any party may order a joint hearing or trial of any or all the matters in issue in the actions, may order all of the actions consolidated, and may make such orders concerning proceedings therein as may avoid unnecessary costs or delay.
[3] Although the record in the consolidated action is not before us, the briefs suggest that the action is based upon an alleged oral offer by an agent of the insurance company to pay work loss benefits in the amount provided as coverage for one vehicle. The law is clear that an offer to settle a disputed claim does not toll the running of the statute of limitations. See: Schmucker v. Naugle, 426 Pa. 203, 205, 231 A.2d 121, 123 (1967). Moreover, if appellants are able to plead an agreement to settle or an unequivocal promise to pay made after their claim was barred by the statute of limitations, the agreement or promise may give rise to a separate cause of action. See: Fix's Estate, 140 Pa.Super. 60, 62, 12 A.2d 826, 827 (1940). This issue, however, can better be resolved in the separate action which is still pending. It is enough for our purposes that the separate action does not prevent judgment on the pleadings in this action.