## Fraynert v. Delaware and Hudson Railway Co., Inc.

---

1. *Basile*, 563 Pa. at 367-68, 761 A.2d at 1120.

*Gerard J. Martillotti & Neil F. MacDonald,* for plaintiff.

*J. Lawson Johnston,* for defendant.

NEALON, *J.,* October 1, 2012—Eight retired railroad workers, who have sued their former employer under the Federal Employers' Liability Act ("FELA") for pulmonary damage allegedly caused by negligent exposure to coal dust and diesel fumes, have filed a motion seeking to consolidate these actions for a joint trial under Pa.R.C.P. 213(a). Plaintiffs seek to recover noneconomic damages

under the same federal statute for pneumoconiosis allegedly attributable to occupational dust exposure and will present, and oppose, expert testimony from the same two medical witnesses. Many of the plaintiffs worked at common locations and performed identical job tasks and will offer comparable testimony concerning their working conditions and exposure at those sites. Therefore, the eight FELA cases involve common questions of law and fact warranting their joinder for trial.

Considerations of judicial economy also militate in favor of consolidation for trial since a joint trial will require one jury and consume eight to ten days of trial while separate trials will necessitate eight juries and twenty-four to thirty-two trial days. Juror note-taking and special verdict interrogatories will enable the jury to digest the evidence presented and to evaluate the merits of each occupational exposure claim. Due to the common issues of law and fact in these actions, the cost savings resulting from a joint trial and the lack of any prejudice from such a consolidation, the plaintiffs' motion for a joint trial will be granted pursuant to rule 213(a).

## I. FACTUAL BACKGROUND

Plaintiffs Edward Fraynert ("Fraynert"), Michael Dennis ("Dennis"), Patrick Conway ("Conway"), Thomas Carachilo ("T. Carachilo"), George Carachilo ("G. Carachilo"), James J. Mullin ("Mullin"), Glen Cronauer ("Cronauer") and Thomas P. Durkin ("Durkin") have all filed personal injury actions against their former employer, defendant Delaware and Hudson Railway Company, Inc. d/b/a Canadian Pacific Railway a/k/a CP Rail System ("D & H"), based upon the Federal Employers' Liability

Act ("FELA"), 45 U.S.C. §§51-60. Each named plaintiff claims to have suffered "injury to his lungs and pulmonary functions" as a result of "his exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases" during the course of his employment with D & H. (Docket entry nos. 1, ¶¶4, 9, 11 in no. 05 CV 1822, no. 05 CV 1826, no, 05 CV 1828, no. 05 CV 3086, no. 05 CV 3087, no. 05 CV 3088 and no. 05 CV 3090; docket entry no. 1, ¶6,11,13 in no, 06 CV 6461). Durkin has averred more specifically that the toxic or pathogenic material consisted of "unsafe diesel and chemical fumes, coal dust and other industrial byproducts." (Docket entry no. 1 in no. 06 CV 6461, ¶11).

Fraynert, Conway and G. Carachilo were employed as engineers whereas Dennis and T. Carachilo worked as car men. (Deposition of Edward Fraynert dated 10/17/07, p. 10; deposition of Patrick Conway dated 12/20/06, p. 7; deposition of George Carachilo dated 12/20/06, p. 14; deposition of Michael Dermis dated 10/17/07, p. 10; deposition of Thomas Carachilo dated 1/22/07, p. 27). Mullin, Cronauer and Durkin were employed as conductors. (Docket entry nos. 1, ¶ 2 in no. 05 CV 3088 and no. 06 CV 6461; deposition of Glen Cronauer dated 1/22/07, p. 12). D &. H's car men inspect and repair train cars in the railroad yard while engineers primarily remain stationed in the engineer's cabin on the train. (Dennis depo., pp. 20-22; T. Carachilo depo., pp. 28, 33; Fraynert depo., p. 14; Conway depo,, pp. 19, 29-30; G. Carachilo depo., pp. 16, 34). Conductors reportedly spend much of their time on the trains, but are also be required to work in the yard. (Cronauer depo., pp. 31-33).

Plaintiffs were employed by D & H at various locations

throughout Northeastern Pennsylvania, Southern New York and Northern New Jersey. In addition to other sites, Dennis, Conway, T. Carachilo, G. Carachilo and Cronauer all worked at the Taylor (Lackawanna County), Hudson (Luzerne County), and Binghamton, New York yards. (Dennis depo., pp. 9-10; Conway depo., pp. 23-25; T. Carachilo depo., pp. 27, 33-34; G. Carachilo depo., pp. 11, 35-36; Cronauer depo., p. 34). Dennis, T. Carachilo and Cronauer also labored at the Wilkes-Barre yard, and T. Carachilo and Cronauer both worked at the Green Ridge site.[2] (Dennis depo., p. 10; T. Carachilo depo., p. 27; Cronauer depo., p. 34).

All of the plaintiffs are retired and are advancing claims for non-economic damages only. At least seven plaintiffs will offer the testimony of Marc D. Laufe, M.D., as their sole expert medical witness.[3] According to his seven expert reports dated June 6, 2011, Dr. Laufe has opined that Fraynert, Dennis, Conway, T. Carachilo, G. Carachilo, Durkin and Cronauer all "had a long occupational history of heavy dust exposure." (Plaintiffs' opposition to defendant's motion for summary, exhibit no. 2 in no, 05 CV 1822, no. 05 CV 1826, no. 05 CV 1828, no. 05 CV 3086, no. 05 CV 3087, no. 05 CV 3090 and no. 06 CV 6461). Dr. Laufe has concluded that those plaintiffs suffer from "pneumoconiosis" and that "[b]ased on the american medical association guide to the evaluation of permanent impairment (4th edition), [each plaintiff] has permanent pulmonary impairment due to pneumoconiosis related to

---

2. The court record does not include transcripts of the depositions of Mullin or Durkin and it is unclear whether those plaintiffs were ever deposed.

3. The court file does not contain an expert medical report relative to Mullin.

his occupational exposure." (*Id.*).

D & H has retained Sandor J. Levinson, M.D., to examine each plaintiff pursuant to Pa.R.C.P. 4010 and to testify as an expert witness on behalf of D & H in each case. No otherexpert witnesses have been identified by the plaintiffs or D & H. Consequently, the same two expert medical witnesses will testify in each one of these cases.

On May 29, 2012, Fraynert, Dennis, Conway, T. Carachilo, G. Carachilo, Mullin, Cronauer and Durkin filed certificates of readiness under Lacka. Co. R.C.P. 214 seeking to have their cases assigned to a judge for trial. The undersigned conducted status conferences The court record does not include transcripts of the depositions of Mullin or Durkin and it is unclear whether those plaintiffs were ever deposed. The court file does not contain an expert medical report relative to Mullin. in each case on July 10,2012, at the conclusion of which deadlines were set for the filing of any motions to consolidate these cases for trial and these eight suits were assigned to the undersigned's jury trial term commencing on December 3, 2012, On August 6, 2012, plaintiffs filed motions to consolidate these cases under Pa.R.C.P. 213 and the parties subsequently submitted their supporting and opposing memoranda of law. Following the completion of oral argument on September 25, 2012, the motions to consolidate became ripe for disposition.

Plaintiffs maintain that these FELA suits should be consolidated for purposes of trial since they involve common questions of law and fact. Plaintiffs note that they are each seeking to recover non-economic damages for pulmonary harm caused by exposure to coal dust

and diesel fumes, and will be subject to the same burden of proof under the FELA. Plaintiffs posit that in addition to offering testimony from the same medical experts, Dr. Laufe and Dr. Levinson, the parties will present overlapping lay testimony concerning the job responsibilities of engineers, conductors and car men and the negligent work conditions at the Taylor, Green Ridge, Wilkes-Barre, Hudson and Binghamton yards. Plaintiffs allege that it will be exceedingly difficult to coordinate the testimony of these common lay and expert witnesses in eight separate trials, as opposed to a single consolidated trial. (Docket entry no. 16, pp. 2-6).

While acknowledging that "[j]udicial economy is a factor in deciding whether to consolidate actions," D & H argues that such cost considerations "do not negate the requirement that the several actions contain a common question of law or fact." (Docket entry no. 21, p. 5) (quoting *Lohmiller v. Weidendaugh*, 302 Pa. Super. 174, 182-184, 448 A.2d 583, 587 (1982), rev'd, 503 Pa. 329, 469 A.2d 578 (1983)). D & H asserts that consolidation is not proper since "[t]hese cases do not contain common questions of fact" in that "[t]hey involve eight (8) different plaintiffs working at different locations, at different times, and doing different jobs." (*Id.*). D & H contends that it will be unduly prejudiced by consolidation of these cases for trial since the jurors will be confused by the voluminous evidence and unable to decipher which plaintiffs performed what tasks at what locations and were allegedly exposed to certain fumes and dust in the process. (*Id.*, pp. 6-7).

## II. DISCUSSION

Pennsylvania rule of civil procedure no. 213 governs

consolidation of actions and states that "[i]n actions pending in a county which involve a common question of law or fact or which arise from the same transaction or occurrence, the court... on the motion of any party may order a joint hearing or trial of any matter in issue in the actions, may order the actions consolidated, and may make orders that avoid unnecessary cost or delay." Pa.R.C.P. 213(a). Under rule 213(a), a trial court has the following three options where pending actions involve *either* a common question of law or fact *or* arise from the same transaction: (1) ordering a joint trial or hearing on any matter at issue; (2) ordering the actions "consolidated"; and (3) issuing other orders designed to avoid unnecessary costs or delay. *Kincy v. Petro*, 606 Pa. 524, 529, 2 A.3d 490, 493 (2010). The decision whether to consolidate actions under Rule 213(a) rests within the discretion of the trial court. *Corbett v. Weisband*, 380 Pa. Super. 292, 316, 551 A.2d 1059, 1071 (1988), app. denied, 524 Pa. 607, 569 A.2d 1367 (1989); *Roznowski v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 343 Pa. Super. 7, 12, 493 A.2d 775, 777 (1985).

Where there is a "complete consolidation" of separate actions under rule 213(a), the multiple suits lose their separate identity and are combined into a single proceeding in which one judgment is rendered. *Kincy*, 606 Pa. at 530, 2 A.3d at 494 (quoting *Azinger v. Pennsylvania Railroad Co.*, 262 Pa. 242, 245, 105 A. 87, 88 (1918)). For that reason, complete consolidation is appropriate only in actions involving the same parties, subject matter, issues and defenses. *Kincy*, 606 Pa. at 532, 2 A.3d at 495; *Azinger*, 262 Pa. at 246, 105 A. at 88. However, if separate actions are consolidated for trial only, each case retains its separate character, has its own docket entries, and

produces its own verdict and judgment. *Kincy*, 606 Pa. at 529 n. 4, 2 A.3d at 493 n. 4; *Roznowski*, 343 Pa. Super. at 12, 493 A.2d at 777-78. The eight plaintiffs in the above-captioned matters seek to consolidate these matters solely for purposes of trial. (See, plaintiffs' motion for a joint trial, ¶¶12-18).

In order for actions to be consolidated for a joint trial, they must involve a common question of law or fact. See, Pa.R.C.P. 213(a). Other relevant factors which warrant the joinder of separate actions for trial are avoidance of multiple trials, reduction of duplicative expense, and promotion of judicial economy. See, *Moore v. Ericsson, Inc.*, 7 A.3d 820, 828 (Pa. Super. 2010) ("Particularly in asbestos-related actions, which involve common questions of law and fact, consolidation promotes judicial economy."), app. denied, 21 A.3d 1194 (Pa. 2011); *Corbett*, 380 Pa. Super. at 316-17, 551 A.2d at 1071. Courts should also consider the prospect of prejudice and jury confusion from a joint trial due to inordinate complexity of the consolidated actions. See, 1 Goodrich Amram 2d §§213(a): 17 and 213(a): 18.

Plaintiffs' claims clearly involve common questions of law inasmuch as all eight plaintiffs are seeking to recover damages for pulmonary harm negligently caused by their occupational exposure to industrial dust and fumes. Plaintiffs' cases will be governed by the FELA's relaxed standard of causation which is less demanding than the common law test and provides for recovery if the employer's negligence played any part, even the slightest and no matter how small, in bringing about an injury to the plaintiffs. See, *CSX Transportation, Inc. v. McBride*, 131 S. Ct. 2630, 2640 (U.S. 2011); *Labes v. New Jersey Transit Rail Operations, Inc.*, 863 A.2d 1195, 1198 (Pa. Super.

2004), app. denied, 583 Pa. 673, 876 A.2d 396 (2005). Under this burden of proof, the plaintiffs may recover damages notwithstanding the fact that "the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence." *Labes*, supra (citing *Rogers v. Missouri Pacific Railroad Company*, 352 U.S. 500, 506-507 (1957)). At the time of trial, the court will be "justified in withdrawing such issues from the jury's consideration only in those extremely rare instances where there is a zero probably either of employer negligence or that any such negligence contributed to the injury of an employee." *Id.*, at 1198-99; *Hines v. Consolidated Rail Corp.*, 926 F.2d 262, 268 (3d Cir. 1991). Thus, the requirement of a common question of law has been satisfied in these FELA suits.

Although the factual questions presented by each case are not completely identical, there is considerable commonality in the proof to be offered by the eight plaintiffs. Each plaintiff alleges occupational exposure to coal dust and diesel fumes which caused "pneumoconiosis" and resulted in "permanent pulmonary impairment." Fraynert, Conway and G. Carachilo will testify regarding the employment responsibilities of engineers while Dennis and T. Carachilo will offer evidence concerning the job duties of car men. Mullin, Cronauer and Durkin will testify about the occupational tasks of conductors. Dennis, Conway, T. Carachilo, G. Carachilo and Cronauer will describe the work environment at the Taylor, Hudson and Binghamton yards whereas Dennis, T. Carachilo and Cronauer will present similar testimony relative to the Wilkes-Barre site. Additionally, both T. Carachilo and Cronauer will explain the working conditions at the Green

Ridge location.

All eight plaintiffs are retired and none of them are seeking to recover economic damages for loss of income or earning capacity, past or future medical expenses or any other financial losses. Rather, each plaintiff is merely seeking to recover non-economic damages.[4] Plaintiffs will introduce the medical opinion testimony of the same expert witness, Dr. Marc D. Laufe, and D & H will likewise present the testimony of a single expert witness, Dr. Sandor J. Levinson.

As for considerations of judicial economy, a joint trial of these cases will yield significant cost savings for the parties and the county of Lackawanna. At the time of oral argument, counsel for the parties estimated that it would take three to four days to try each case to verdict if they were litigated individually. Hence, separate trials will require eight juries and twenty-four (24) to thirty-two (32) trial days. In contrast, counsel projected that a joint trial of all eight cases would require eight to ten trial days. Thus, consolidation for trial will greatly reduce trial costs for the parties and Lackawanna County, and will minimize the inconvenience posed to members of the venire by virtue of their jury service. Consolidation will also spare the expert and lay witnesses the burden of attending and testifying at eight trials instead of a single proceeding.

Last, any concern that D & H may be potentially prejudiced by juror confusion of issues and claims

---

4. Although many of the plaintiffs are married, their spouses are not asserting claims for loss of consortium since there is no right to recover for loss of consortium under the FELA. *Sindoni v. Consolidated Rail Corp.*, 4 F.Supp.2d 358, 362 (M.D. Pa. 1996); *Quitmeyer v. SEPTA*, 740 F.Supp. 363, 370 (E.D. Pa. 1990).

in a joint trial is unfounded. Plaintiffs are advancing virtually identical claims of work-related pneumoconiosis allegedly traceable to negligent exposure to coal dust and diesel fumes. With the benefit of juror note-taking under Pa.R.C.P, 223.2, the jury will be able to catalogue and segregate each plaintiff's alleged exposure to industrial elements while employed by D & H. See, *Argenta v. A. J. Lupas Ins. Agency, Inc.*, 104 Lacka. Jur. 430, 446-452 (2003) (discussing jury research indicating that note-taking promotes juror attentiveness and enhances juror recollection and comprehension of evidence), aff'd, 881 A.2d 876 (Pa. Super. 2005). Carefully crafted special verdict interrogatories will also enable the jury to properly analyze and weigh the merits of each plaintiff's FELA claim. See, *Henery v. Shadle*, 443 Pa. Super. 331, 336 n. 1, 661 A.2d 439, 442 n. 1(1995) ("We are compelled to the observation that, in our view, the jury is far better prepared for its task if its deliberations are aided by the orderly focus effected in special interrogatories."), app. denied, 542 Pa. 670, 668 A.2d 1133 (1995); *Osborne v. Neville*, 102 Lacka. Jur. 132, 161 (2000) (same), aff'd, 797 A.2d 381 (Pa. Super. 2002), app. denied, 569 Pa. 694, 803 A.2d 735 (2002). In light of the common issues of law and fact present in all eight cases, the time and cost savings resulting from a joint trial, and the absence of any cognizable prejudice to the defense, the plaintiffs' motion for a joint trial under rule 213(a) will be granted.

## ORDER

And now, October 1, 2012, upon consideration of "plaintiffs' motion for a Joint Trial," the exhibits and memoranda of law submitted by the parties, and the oral argument of counsel on September 25, 2012, and based

upon the reasoning set forth in the foregoing memorandum, it is hereby ordered and decreed that:

1. Plaintiffs' motion for a joint trial is granted;

2. Pursuant to Pa.R.C.P. 213(a), the above-captioned matters docketed to no. 05 CV 1822, no. 05 CV 1826, no. 05 CV 1828, no. 05 CV 3086, no. 05 CV 3087, no. 05 CV 3088, no. 05 CV 3090 and no. 06 CV 6461 are consolidated for a joint trial commencing on Monday, December 3, 2012 at 9:30 AM in courtroom no. 1, Lackawanna County courthouse. Eight separate verdicts will be issued by the jury for each individual case.