## Limbert v. Sealview Plastics, Inc.

*Charles Blasband,* for plaintiff.
*Henry S. Miller,* for defendant.

GERBER, J., November 10, 1958.—Defendant, hereafter referred to as Sealview, filed a petition to strike this action from the arbitration calendar, consolidate for trial with the action of Sealview Plastics, Inc., v. Brooks Rotameter Co., no. 363, February term, 1958, and to amend its answer, new matter and counterclaim. Plaintiff, hereafter referred to as Limbert, in this action and defendant Brooks Rotameter Co., hereafter referred to as Brooks, in the other action, filed answers and briefs resisting the prayers of the petition. Oral argument was had before the court en banc.

The pleadings show that Sealview had contracted to provide Brooks with 500 plastic meter cases. Limbert had contracted to produce a mold for Sealview from which the latter would produce the cases for Brooks. The grounds averred in Sealview's petition for consolidation are that common questions of law and fact are involved in both actions, to wit, whether the mold produced by Limbert for Sealview was manufactured in accordance with specifications given by Brooks to Sealview and in turn to Limbert.

The complaint in this action demands the price due Limbert from Sealview for the manufacture of the mold. Sealview's counterclaim demands damages from Limbert for the latter's failure to produce a mold in conformity with the specifications. In Sealview v. Brooks, Sealview demands the contract price due from Brooks for the manufacture of the plastic cases. The counterclaim of Brooks demands damages from Sealview for the latter's failure to properly perform the obligations of the contract to manufacture the plastic cases.

Pa. R. C. P. 213(a) provides:

"When actions involving a common question of law or fact are pending before the court, the court on its own motion or on motion of any party may order a joint hearing or trial of any or all the matters in issue

in the actions, may order all of the actions consolidated, and may make such orders concerning proceedings therein as may avoid unnecessary costs or delay."

The application of this rule is within the discretion of the court (Humbert v. Mellott, 78 D. & C. 178 (1951)), and as brought out by Goodrich-Amram Civ. Pract. §57:

". . . the court should not direct a joint trial unless the aggregate of the common questions forms a material part of the matter in dispute in each action. . . . The essential factor is 'convenience'."

Consolidation will not be directed if it would cause harm or prejudice to any party. As brought out in 2 Anderson Pa. Civ. Pract. §69:

"The court may refuse consolidation where the common question of law or fact is not of sufficient significance in the various actions to justify their being combined or where the consolidation might cause prejudice or result in over-complication of issues."

Applying the above principles to this petition, the court is constrained to deny consolidation. The purposes of consolidation would not be served in this instance. The question of whether the mold produced by Limbert for Sealview conformed to the specifications of that contract may, or may not, affect the question of whether the cases made by Sealview for Brooks conformed to this latter contract. The two actions involve different and separate contracts and the issue of performance or nonperformance of each contract should be separately determined.

Although petitioner Sealview avers that the issue of the conformity of the mold is common to both actions, the pleadings in each raise the questions which would not control the other action. An issue in Limbert v. Sealview is whether the mold made by Limbert was to conform to the Brooks specifications or to the Brooks specifications as modified by a Sealview sketch.

Limbert's reply also avers that Sealview's carelessness caused the defect, if any, in the mold. Thus it is possible that the Limbert mold conformed to the Limbert-Sealview contract but that the Sealview cases did not conform to the Sealview-Brooks contract. This, of course, is a matter for proof at trial. At the present point in each of these actions, it is possible that the outcome of the Limbert-Sealview suit could be controlling or irrelevent to the outcome of Sealview v. Brooks. Brooks justifies the cancellation of their contract with Sealview on the basis of nonconformity and delay. The latter question can have no effect as to the Limbert-Sealview case. The two actions are based on separate contracts and transactions, and different questions are raised in each.

Consolidation of these actions for trial would not achieve any degree of convenience since the matters in dispute in each action are not, in the aggregate, common to both cases. Furthermore, an undue complication of issues would face the jury. The two cases should proceed by separate trial.

The petition to amend the answer, new matter and counterclaim is granted and the rule thereon made absolute. Pa. R. C. P. 1033 provides for such amendment by leave of court. The rights of opposing party will not be prejudiced by the granting of the petition to amend. Liberality of allowing amendments prevails in our courts: McHenry v. Welding, 179 Pa. Superior Ct. 358 (1955).

And now, to wit, November 10, 1958, the petition and rule to consolidate for trial with the case of Sealview Plastics, Inc., v. Brooks Rotameter Co., no. 363, February term, 1958, is discharged. The petition and rule to amend the answer, new matter and counterclaim is made absolute. The petition to strike from the arbitration calendar is not being acted upon because the amount of the counterclaim will determine that issue.