## Motorists Mutual Insurance Co. v. Miller

*David L. Smigma*, for plaintiff.
*Dale E. Huntley*, for defendant.

WOLFE, *P.J.*, April 9, 1986—Defendant Thomas W. Miller has filed a motion to consolidate for purposes of trial the action to no. 79 of 1985 with the action to no. 72 of 1985. Defendants to no. 72 of 1986, to-wit, Commonwealth of Pennsylvania and the Bell Telephone Company, oppose the consolidation.

Factually, initially plaintiffs David and Marilyn Caldwell brought their action against defendants Commonwealth of Pennsylvania and the Bell Telephone Company of Pennsylvania by reason of an automobile accident occurring on February 20, 1983, in which plaintiff David Caldwell was a passenger in a vehicle operated by Thomas Miller who was subsequently joined as an additional defendant in that action. The complaint alleges the vehicle operated by Miller left the paved portion of the highway and entered an unmarked ditch along the highway, which directed the vehicle into a telephone pole owned and maintained by defendant Bell Telephone Company of Pennsylvania.

In the action to no. 79 of 1985, plaintiff Motorists Mutual Insurance Company alleges defendant Thomas Miller lost control of the vehicle he was operating and struck a telephone pole causing injury to David E. Caldwell, who made an uninsured motorist claim against plaintiff. Inasmuch as Miller was uninsured and by reason of the claim, plaintiff Motorists Mutual Insurance Company paid $35,000 to Caldwell. Motorists Mutual Insurance Company now seeks its subrogation rights in said amount against Miller.

Defendant Miller argues the two cases should be jointly tried pursuant to Rule of Civil Procedure 213(a) because the joinder would expedite both cases, conserve judicial time and lessen the parties' expenses and that consolidation is proper because

both cases arise from common fact and a question of law. The rule provides:

"When actions involving a common question of law or fact are pending before the court, the court on its own motion or motion of any party may order a joint hearing or trial of any or all the matters in issue in the actions, may order all of the actions consolidated, and may make such orders concerning proceedings therein as may avoid unnecessary cost or delay."

This rule has been supported by Pullium v. Laurel School District, 316 Pa. Super. 339, 462 A.2d 1380 (1983), and in Lohmiller v. Weidenbaugh, 302 Pa. Super. 174, 448 A.2d 583 (1982).

Defendants oppose the consolidation arguing the apparent prejudicial impact against them because of their "deep pockets" and because Martin v. Soblotney, 502 Pa. 418, 466 A.2d 1022 (1983), prevents the submission of medical bills before a jury in the Caldwell claim, wherein same would not be improper in the Motorists Mutual Insurance Company claim of subrogation. Defendants further argue it would be extremely prejudicial to them to permit the jury to learn of the existence of insurance in that defendant Miller was uninsured, thereby causing the fact finders to slant their view in favor of plaintiff Caldwell.

It is a matter of the court's discretion whether or not to exercise Rule 213(a). The rule must not be exercised in favor of consolidation when there is a potential of prejudice to any party. We have extreme difficulty in believing the jury would not be impacted favorably to plaintiff Caldwell on the Motorists Mutual Insurance Company subrogation claim for $35,000 against the operator of the vehicle in which Caldwell was injured and who may be without funds to pay a verdict. Obviously, the only other par-

ties that would have solvency to pay Caldwell are the opposing defendants. Proper instructions to the jury would, in our opinion, only have a a pejorative result.

We conclude the rule cannot be exercised without prejudice to the party defendants and therefore enter the following

## ORDER

And now, this April 9, 1986, the motion of defendant Thomas Miller for joinder of the cases for trial is denied.