**Menard v. PennyMac Loan Services, LLC**

352

C.P. of Lackawanna County, No. 2010-CV-8730

*Jeffrey W. Nepa*, for plaintiffs.
*Edward W. Chang*, for defendants.

MINORA, *J.*, June 27, 2014—Before the court is PennyMac Loan Services, LLC and PNMac Mortgage Co., LLC's (hereinafter "defendants") joint motion to consolidate the quiet title action 2010-CV-8730 and mortgage foreclosure action 2009-CV-5465 regarding the property situated at 113 Macarby Lane, Clarks Summit, Lackawanna County Pennsylvania, 18411 (hereinafter "113 Macarby Lane"). For the reasons discussed below, defendants' motion for consolidation is granted.

## FACTUAL AND PROCEDURAL SUMMARY

Plaintiff Mr. Menard by himself alone signed the note for the property at 113 Macarby Lane on August 10, 2004, evidencing a loan from eHome Credit Corp. and both plaintiffs signed the mortgage, dated August 10, 2004, which secured the loan from eHome Credit Corp. *See See Menard v. PennyMac Loan Services, LLC, PNMAC Mortgage Co. LLC, Citimortgage, Inc., Archbay Holdings. LLC. Series 2009A, eHome Credit Corp.*, memorandum and order, 2010-CV-8730 (Minora, J.) (Oct. 3, 2013) (hereinafter "Memorandum and Order, 2010-CV-8730 (Oct. 3, 2013)"). The mortgage was recorded in the Lackawanna County Recorder of Deeds Office on August 19, 2004 as Instrument Number 200432076 (the."mortgage"). *Id.* at 2.

Defendants brought an action in mortgage foreclosure regarding the property on August 24, 2009 under docket number 2009-CV-5465. An amended complaint in mortgage foreclosure was filed August 24, 2010. The mortgage for the property at 113 Macarby Lane was assigned on various occasions.[1]

---

1. The note and mortgage were assigned from eHome Credit Corp. to CitiFinancial Mortgage Company, Inc. on August 19, 2004. *Id.* On June 8, 2009, the note and mortgage were assigned again from CitiMortgage,

354

On December 10, 2010, plaintiffs Toni and Jeffery Menard ("plaintiffs") sought to quiet title as to defendants' interest in the lien in this property that was created by the mortgage between plaintiffs, as mortgagors, and eHome Credit Corp., as mortgagees. The quiet title action, filed under docket number 2010-CV-8730, was based on the Menards' claim that there was an alleged error in the chain of title in one of the assignments of the mortgage to a mortgagee. *See* N.T. *Citimortgage, LLC v. Menard, 2009-CV-5465; Menard v. PennvMac Loan Services LLC, et al.*, 2010-CV-8730, 3/5/2014 at 7-8. Specifically, the Menards claimed a statement made in an affidavit of lost assignment was not sufficient for assignment. *See* N.T. 3/5/2014 at 7-8.

On March 15, 2013, defendants PennyMac Loan Services, LLC and PNMAC Mortgage Co., LLC brought a motion for summary judgment in the Menards' quiet title action, arguing that defendants-mortgagees were entitled to enforce the mortgage. *See* defendants' motion for summary judgment, 2013-CV-8730 (Mar. 15, 2013). In this honorable court's opinion and order regarding defendants' motion for summary judgment, we determined that the proper holder of the mortgage and note was PennyMac Loan Services, LLC and PNMAC Mortgage Co. LLC. *See* Memorandum and Order, 2010-CV-8730 (Oct. 3, 2013). We also held that because both plaintiffs signed the mortgage and effectively admitted that the mortgage is in default, the real property can be foreclosed upon, *Id.*

Inc. (successor to CitiFinancial) to Arch Bay Holdings, LLC. *Id.* at 6. The subsequent assignment from Arch Bay back to CitiMortgage was never recorded since the original was lost. *Id.* On September 9, 2009, CitiMortgage, Inc. executed an affidavit of lost assignment, and then on July 13, 2010, assigned the mortgage to PNMAC Mortgage Co., LLC. *Id.* Finally, PNMAC assigned the mortgage and note to PennyMac Loan Trust on January 8, 2013. *Id.*

at 8-9. In that Memorandum and Order, this honorable court found that defendant is the proper holder of the note secured by the mortgage and has standing to foreclose upon the mortgage, regardless of whether or not a written assignment of the mortgage had been undertaken. *Id.* at 8.

Defendants' motion for summary judgment was therefore granted, although as to liability only. *Id.* at 9. The parties still remain in dispute as to the true balance of monies due and owing. *Id.* at 10.

Plaintiffs the Menards appealed the order granting defendants' motion for summary judgment, and the Pennsylvania Superior Court quashed the appeal. *See* appeal of Oct. 3, 2013 order re: *Menard v. PennvMac Loan Services, LLC, et al.* 2010-CV-8730/*Citimortgage, Inc. v. Menard*, 2009-CV-5465 (Pa. Super.) (Oct. 28, 2013); *Menard v. PennyMac Loan Services, LLC, et al.*, order per curiam, 2010-CV-8730/1964 MD 2013 (Pa. Super. 2014).

Defendants PennyMac Loan Services, LLC and PNMAC Mortgage Co. LLC now seek to consolidate the foreclosure and quiet title actions to properly determine the extent of "monies due and owing" on the subject loan. Defendants' joint motion to consolidate was filed December 31, 2013. Plaintiff's answer to the motion for consolidation was filed February 24, 2014. Oral argument on the motion was held March 4, 2014. The matter is now ripe for disposition.

## LEGAL ARGUMENT OF THE PARTIES

### Defendant's Argument

The quiet title and foreclosure actions should be consolidated pursuant to Pa.R.C.P. 213. It would be a waste of judicial resources and could lead to inconsistent results if the matters are not consolidated. The actions involve

the same legal and factual issues arising out of the rights of the parties under a mortgage granted by the Menards on the property at 113 Macarby Lane. Moreover, the court even signaled the matters are ripe for consolidation. It listed both matters in the caption of its order and discussed the merits of defendants' right to enforce the note and mortgage therein.

### Plaintiff's Argument

Defendants' motion to consolidate the mortgage foreclosure and quiet title actions should be denied. The legal and factual issues in the causes of action are not the same. The subject matter of the action to quiet title pertains to the defendant's right and interest in the subject property as allegedly conveyed by way of affidavit of assignment. Moreover, the mortgage foreclosure action involves those issues which may or may not exist in the underlying documents in which the plaintiffs are seeking to ultimately obtain title in the subject property. Therefore, the cases should not be consolidated.

### LEGAL STANDARD

Pa.R.C.P. 213 governs the consolidation of actions. Subsection (a) of that rule provides:

> (a) In actions pending in a county which involve a common question of law or fact or which arise from the same transaction or occurrence, the court on its own motion or on the motion of any party may order a joint hearing or trial of any matter in issue in the actions, may order the actions consolidated, and may make orders that avoid unnecessary cost or delay.

*Swift v. Radnor Tp.*, 983 A.2d 227 (Pa. Cmwlth. Oct. 14, 2009); *Cruz v. Roberts*, 2005 WL 4875762 (Pa. Com. Pl. June 22, 2005); *Fraynert v. Delaware and Hudson Ry.*

*Co., Inc.*, 2012 WL 6929343 (Pa. Com. Pl. Oct. 1, 2012).

Where there is a "complete consolidation" of separate actions under Rule 213(a), the multiple suits lose their separate identity and are combined into a single proceeding in which one judgment is rendered. *Fraynert v. Delaware and Hudson Ry. Co., Inc.*, 2012 WL 6929343 (Pa. Com. Pl. Oct. 12, 2012) (internal citation omitted). For that reason, complete consolidation is appropriate only in actions involving the same parties, subject matter, issues, and defenses. *Fraynert*, 2012 WL 6929343 (internal citations omitted).

The decision of whether to consolidate actions is permissive and rests entirely within the discretion of the trial court. *Fraynert*, 2012 WL 6929343, *supra* (citing *Corbett v. Weisband*, 280 Pa. Super. 292, 316, 551 A.2d 1059, 1071 (1988), *app. denied*, 524 Pa. 607, 569 A.2d 1367 (1989); *Roznowski v. Pennsylvania Nat. Mut. Cas, Ins. Co.*, 343 Pa. Super. 7,12, 493 A.2d 775, 777 (1985); *Cruz*, 2005 WL 4875762, *supra*. In order for actions to be consolidated for a joint trial, they *must* involve a common question of law or fact. *See* Pa.R.C.P. 213(a); *Cruz*, 2005 WL 4875762, *supra* (emphasis added). Identity of two causes of action may be determined by considering the similarity in the acts complained of and the demand for recovery, as well as the identity of the witnesses, documents and facts alleged and whether the same evidence is necessary to prove each action. *Swift*, 983 A.2d 227, *supra*.

Other relevant factors that warrant the joinder of separate actions for trial are avoidance of multiple trials, reduction of duplicative expenses, and promotion of judicial economy. *Fraynert*, 2012 WL 6929343, *supra*. Consolidation is allowed in order to avoid "multiple trials

and proceedings involving common facts or issues arising from the same transaction or occurrence." Pa.R.C.P. 213 Explanatory Comment. "The duplication of efforts is a benefit to both the parties and the courts." *Id.* Other benefits include "the prevention of inconsistent verdicts ... the elimination of trial delays, speedier litigation, and the reduction of expenses for the parties." *Cruz,* 2005 WL 4875762, *supra*; 3 Standard Pa. Practice Section 19.17.

The consolidation of actions into a single action is improper where such consolidation prejudices the rights of one or more of the parties . . . [or] where the facts of one case might prejudice the jury against the defendants in a related case . . . [even if] the commonality of law or fact questions otherwise abounds." *Fraynert,* 2012 WL 6929343; *Cruz* at *79 (citing 3 Standard Pa. Practice 2d Section 19.5). Similarly, courts should exercise their discretion cautiously where jury confusion could result from joining divergent factual scenarios. *Cruz,* 2005 WL 4875762, *supra* (citing 3 Standard Pa. Practice 2d Section 19.6; *Motorists Mutual Insurance Co. v. Miller,* 41 Pa. D. & C.3d 630, 631 (1986)).

It is appropriate to refuse consolidation of separate actions where the jury may be influenced by sympathy for a plaintiff to the prejudice of the defendants. *Cruz,* 2005 WL 4875762, *supra* (internal citations omitted). "The court may [also] refuse consolidation where the common question of law or fact is not of sufficient significance in the various actions to justify their being combined or where the consolidation might...result in over-complication of issues." *Fraynert,* 2012 WL 6929343 (citing *Limbert v. Sealview Plastics Inc.,* 17 Pa. D. & C. 2d 785, 786 (1959) (quoting 2 Anderson Pa. Civ. Prac. Section 69)).

## LEGAL ANALYSIS

Courts in Pennsylvania have previously consolidated cases regarding mortgage foreclosure, ejectment, quiet title, and related property disputes. *See Fusco v. Hill Financial Sav. Ass'n*, 453 Pa. Super. 216, 683 A.2d 677 (Sept. 30, 1996) (petition to open/strike judgment consolidated with quiet title action); *Sandmann v. Old Delancey Bldg. & Loan Ass'n*, 184 Pa. Super. 470, 135 A.2d 819 (Pa. Super. 1957) (action to quiet title was consolidated with action to foreclose mortgage); *Swift*, 983 A.2d 227, *supra* (Pa. Cmwlth. 2009) (the court consolidated actions when the parties, counsel, factual and legal issues, relief sought, and the property involved were the same in the actions, and the record and a prior decision in the matter indicated the same).

After review of the record, oral argument on defendants' motion to consolidate, and our October 2013 decision granting defendants' motion for summary judgment to enforce the terms of the mortgage, it is evident that the parties, counsel, factual and legal issues, relief sought and property involved in the mortgage foreclosure and quiet title actions are the same. *See Swift*, 983 A.2d 227 *supra*; *Cruz*, 2005 WL 4875762, supra.

The Matters Should Be Consolidated Because the Factual and Legal Issues in the Quiet Title and Mortgage Foreclosure Actions are the Same

For actions to be consolidated for a joint trial, they must involve a common question of law or fact. *See* Pa.R.C.P. 213(a); *Cruz*, 2005 WL 4875762, *supra*. However, "[t]he court may refuse consolidation where the common question of law or fact is not of sufficient significance in the various actions to justify their being combined." *See Fraynert*, 2012 WL 6929343, *supra*. In the present matters, the commonality of factual and legal issues are of sufficient

significance such that the cases should be consolidated.

At oral argument for defendants' motion to consolidate the actions, attorney Jeffery Nepa, counsel for the Menards, argued that the quiet title action was distinct from the mortgage foreclosure action because "whether or not the affidavit [of lost assignment] was a valid creation of an interest in property by way of that affidavit under the foreclosure" was at issue in the quiet title action. *See* N.T. 16:9-17. Attorney Nepa also argued that the matters should not be consolidated because "[t]here is a . . . myriad of issues that exist in a foreclosure action that don't in a quiet title." *See* N.T. at 19:8-10. We disagree with Attorney Nepa's arguments.

As for the affidavit of lost assignment issue from the Menards' action to quiet title, the court has already decided this issue when it acknowledged that the assignee-mortgagee was a proper party from that affidavit of lost assignment. *See* N.T. 3/5/2014 at 8:23-24; 16:9-16; and 20:19-20; *see also* Memorandum and Order, 2010-CV-8730, at 6 (Oct. 3, 2013) (unrecorded assignment does not render assignment invalid) (citation omitted). As for the claim that there are differences between the two cases, plaintiff has failed describe which other issues exist in the foreclosure action that do not exist in the quiet title action. *See generally* N.T. (Mar. 4, 2014); answer to defendants' motion to consolidate, 2010-CV-8730/2009-CV-5465 (Feb. 24, 2014).

Completely contrary to plaintiff's argument, the two cases regard the "exact same factual and legal issues; the exact same parties over the exact same dispute." *See* N.T. 3/5/2014 at 3. The issue in both cases is that because the Menards defaulted on their mortgage for the property at 113 Macarby Lane, and defendants are the

proper parties that may exercise their rights to foreclose on the property, there remains only an amount due and owing on the mortgage that has yet to be determined. When this honorable court granted PennyMac's "motion for summary judgment in connection with the quiet title action regarding [PennyMac's] abilities to enforce the terms of the mortgage," it concluded that "[t]here is nothing outstanding in the quiet title action" other than to determine "the monies that are due and owing between the parties, specifically by the Menards to PennyMac if...they have liability for quiet title purposes." *See* N.T. 3/5/2014 at 19:14-18; 15:7-8.

Therefore, consolidating the actions would *not* result in "joining divergent factual scenarios" or "over-complication of issues" which would render consolidation inappropriate (emphasis added). *Cruz*, 2005 WL 4875762, *supra* (internal citations omitted); *Fraynert*, 2012 WL 6929343, *supra* (internal citations omitted). Instead, it would make for efficient case resolution, and will be beneficial to the parties, further discussed below.

The Matters Should be Consolidated Because the Parties Would Not Be Prejudiced By Consolidation

The consolidation of actions into a single action is improper where such consolidation prejudices the rights of one or more of the parties...[or] where the facts of one case might prejudice the jury against the defendants in a related case...[even if] the commonality of law or fact questions otherwise abounds." *Fraynert*, 2012 WL 6929343, *supra*; *Cruz*, 2005 WL 4875762 at *79 (citing 3 Standard Pa. Practice 2d Section 19.5). In the matters before us, consolidation of the actions would not prejudice the rights of any of the parties or prejudice the jury against defendants and in sympathy for a plaintiff in a related case.

*See Cruz*, 2005 WL 4875762, *supra* (internal citations omitted).This is so because the parties in both actions are the same and the cases regard the exact same dispute.

We note that the original captions to the two actions include multiple parties, some of which who were not originally parties in both actions. However, now, in both cases, only three parties remain: PennyMac Loan Services, LLC, PNMAC Mortgage Co., LLC, and the Menards.[2] These parties left have the exact same interest in both the quiet title and mortgage foreclosure case regarding the same dispute, that dispute being the monies noted as due and owing from the Menards to defendants on the mortgage. *See* Order, 2010-CV-8730 at 8-9 (Oct. 3, 2013). If the matters are consolidated, the Menards still have the right to cure under the mortgage foreclosure any default that is deemed to exist by the court. *See* N.T. 3/5/2014 at 13-15. Since there is nothing outstanding in the quiet title action, the Menards "can exhaust their rights and remedies under the foreclosure action" which regards "the same people, same real estate, and their hold in rem." *See* N.T. 3/5/2014 at 15:1-15. In addition, the attorneys for the parties in both actions are the same. No parties would be prejudiced by consolidation.

The Cases Should be Consolidated for Efficiency Purposes

---

2. The original parties in 2009-CV-5465 were Citimortgage and the Menards. In 2010-CV-8730, the original parties were the Menards, Citimortgage, e-Home Credit Corp., PennyMac Loan Services LLC, PNMAC LLC, and Archbay Holdings LLC Series 2009A. PennyMac Loan Services was substituted as plaintiff in 2009-CV-5465 on September 13, 2010, because PennyMac became successor to Citimortgage by assignment. *See* plaintiff's praecipe for voluntary substitution of plaintiff, 2009-CV-5465 (Sept. 13, 2010). In 2010-CV-8730, eHome Credit Corp. and ArchBay Holdings LLC Series 2009A were forever barred from asserting any right, lien title, or interest in the subject property at 113 Macarby Lane. *See* order granting relief (Harhut, J.) (Apr. 11, 2011).

Consolidation is allowed in order to avoid "multiple trials and proceedings involving common facts or issues arising from the same transaction or occurrence." Pa.R.C.P. 213 Explanatory Comment. Other benefits include "the prevention of inconsistent verdicts . . . the elimination of trial delays, speedier litigation, and the reduction of expenses for the parties." *Cruz*, 2005 WL 4875762, *supra*; 3 Standard Pa. Practice Section 19.17. In the present matter, consolidating the actions would result in more efficient case resolution for the parties and the courts. *See* Pa.R.C.P. 213 Explanatory Comment; this opinion at p.6. This honorable court, as well as the parties, have signaled that consolidation would lead to such resolution.

In this court's October 3, 2013 order granting PennyMac Loan Services LLC and PNMAC Mortgage Co. LLC's motion for summary judgment as to liability, this honorable court found the issues in both actions to be factually and legally overlapping. *See generally* Memorandum and Order, 2010-CV-8730 (Minora, J.) (Oct. 3, 2013). We included in our caption for that order the docket numbers for both the quiet title and mortgage foreclosure actions. We also discussed the underlying merits of defendants' right to enforce the note and mortgage, though the motion for summary judgment was filed under the quiet title case. We did so because analysis of the quiet title action inherently required discussion of the same facts and legal issues that are present and at issue in the mortgage foreclosure case.

Plaintiffs, like defendants and this court, acknowledge the sufficient similarity in factual and legal issues in the matters that renders consolidation appropriate. Plaintiffs included in their appeal of the October 3, 2013 order the docket numbers for both the quiet title and foreclosure actions. *See* appeal of Oct. 3, 2013 order in *Menard v.*

*PennyMac Loan Services, LLC, et al.* 2010-CV-8730/ *Citimortgage, Inc. v. Menard,* 2009-CV-5465 (Pa. Super. 2013). This appeal was filed prior to defendants' joint motion to consolidate.[3] Additionally, at oral argument for the motion to consolidate, plaintiffs' counsel said "I understand that I don't get another crack at that on the foreclosure side. We feel that the one court action is enough." *See* N.T. 3/5/2014 at 18:2-6.

In sum, in both the quiet title and mortgage foreclosure actions, "[t]he only thing remaining is the financial amount due under the foreclosure . . . and essentially the foreclosure action seeks the money that they have to determine in order to get to a final judgment." *See* N.T. 3/5/2014 at 7:3-8. "There cannot be a final order on the matter until the monies due and owing on the mortgage are determined." *See* N.T. 3/5/2014 at 7:3-7 16, 18. Consolidation in this case is therefore significant and advantageous to the parties, and particularly to plaintiffs, because when consolidation occurs, the monies owed on the mortgage will thereafter be determined, and that will result in a final order. The Pennsylvania Superior Court quashed the Menards' appeal of this court's October 3, 2013 order granting summary judgment as to liability because there was not yet a final order. *See* N.T. 3/5/2014 at 20. Any issue that the parties may have, for example, plaintiffs' disagreement with respect to the break in chain of title, can then be reviewed on appeal. Consolidation in this case will "reduce expenses for the parties and streamline the litigation of the matters." *See Cruz,* 2005 WL 4875762, *supra.*

Therefore, because the factual and legal issues; the

---

3. Defendants' joint motion to consolidate in 2010-CV-8730 was filed December 31, 2013.

parties; counsel; the property and issue surrounding it in both actions are exactly the same; the parties will not be prejudiced by consolidation. Moreover, consolidation will make for more efficient litigation, consolidation of the matters is appropriate. *See Swift*, 983 A.2d 227 *supra*, *Cruz*, 2005 WL 4875762, *supra*; *Fraynert*, 2012 WL 6929343. For these reasons, further outlined above, we use our trial court discretion and order the quiet title and mortgage foreclosure actions consolidated. *Fraynert*, 2012 WL 6929343, *supra*; *Roznowski*, 493 A.2d 775, *supra*; *Cruz*, 2005 WL 4875762, *supra*.

2009-CV-5465 and 2010-CV-8730 are hereby consolidated into 2010-CV-8730 and this opinion shall be filed to both terms in numbers 2009-CV-5465 and the surviving file at 2010-CV-8730. An appropriate order follows.

## ORDER

And now, this 27th day of June 2014, upon consideration of the motion of defendants PennyMac Loan Services, LLC and PNMAC Mortgage Co., LLC to consolidate the above-captioned matters; the Menard's answer in opposition to the motion for consolidation; and oral argument on the matter, it is hereby ordered and decreed that:

1. Defendants' motion to consolidate is granted.

2. The above-captioned lawsuits are hereby consolidated into one file at 2010-CV-8730.

3. All parties will endeavor to resolve the outstanding financial calculation without the act of the court and report back to the court within thirty (30) days of the date of this order. It is so ordered.